(No. 37031.—

HARVEY FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant, *vs.* CONRAD F. BECKER, Director of Financial Institutions, *et al.,* Appellees.

*Opinion filed September 28, 1962.*

McCARTHY & TOOMEY, of Chicago, (JOHN E. TOOMEY and PERRY G. CALLAS, of counsel,) for appellant.

JAMES Y. CARTER, of Chicago, and WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The Director of Financial Institutions granted a permit to Sibley-Dixie Savings and Loan Association to organize a savings and loan association in the city of Harvey. The Harvey Federal Savings and Loan Association, a competi-

tor, objected before the Director and brought these proceedings in the circuit court of Cook County to review the decision. The court affirmed the Director's decision and dismissed the suit. Plaintiff appeals directly to this court pursuant to section 7—24 of the Illinois Savings and Loan Act. Ill. Rev. Stat. 1961, chap. 32, par. 864.

The statute makes it necessary for persons desiring to engage in the savings and loan business to obtain official permission. Before such permission will be granted it must appear, *inter alia*, that "a need exists" and that the proposed concern can be established "without undue injury to properly conducted existing associations." (Ill. Rev. Stat. 1961, chap. 32, par. 724.) No issue is raised here concerning the validity of such legislation, nor is it pointed out in what manner the Sibley-Dixie association failed to meet the statute's requirements. The plaintiff's contentions are merely that the Director failed to make findings of fact and that in making his decision he took into consideration recommendations of the advisory board without having had them offered in evidence.

Section 2—3 of the act, entitled "Findings and Hearings," provides that "If the Director does not deny the application on the basis of the data submitted by the applicants and any other information in his possession, the applicants shall publish a notice of intention to organize in such form as the Director shall prescribe. The Director may hear evidence to determine his findings at any time prior to the issuance of a permit to organize." (Ill. Rev. Stat. 1961, chap. 32, par. 723.) By the order in question the Director expressly found "(a) That a need exists for the proposed savings and loan association, and that the public convenience and advantage would be promoted by the proposed association in the City of Harvey, Illinois; (b) That the proposed capital meets the requirements of the Illinois Savings and Loan Act; (c) That the general character of the proposed management is such as would

assure the reasonable success of the association; (d) That the name of the proposed association is not the same as, or deceptively similar to, the name of any other association in the community or area of operation; (e) That such association can be established without undue injury to existing associations in the area."

These are the requirements prescribed by section 2—4 of the statute for issuance of a permit, and there is no .contention that any have been omitted. · The argument that they are not specific enough has no merit insofar as the present appeal is concerned. We think it was incumbent upon the plaintiff to specify in what respect it considered the permit to have been improperly granted. Section 7—21 provides that a hearing shall be granted "upon the verified complaint in writing of any person *setting forth facts* which if proved would constitute grounds for reversal or change of any decision, * * * At the time and place fixed in the notice, the Director or his authorized agent, hereafter referred to as the hearing officer, shall proceed to hear *the charges* and both the respondent and all other parties to the action and the complainant shall be accorded ample opportunity to present in person or by counsel such statements, testimony, evidence and argument as may be pertinent to *the issues.*" (Ill. Rev. Stat. 1961, chap. 32, par. 861.) (Emphasis supplied.) The statute clearly contemplates that some issue be formed on which particular findings can be made. In the present case we are afforded no indication of what plaintiff's objection is, other than the general complaint that there are no findings of fact. On this record such a complaint must be rejected.

It is. also contended that the Director improperly considered a recommendation of the advisory board. Defendants have made no argument in opposition to the contention. The order in question recites that after final hearing was concluded the matter was presented to the Board of Savings and Loan Advisers for its recommendation. This was

error. In the article of the act concerning supervision, provision is made for an Advisory Board with power to make recommendations on various matters. (Ill. Rev. Stat. 1961, chap. 32, par. 859.) There is nothing to authorize the board to perform any function, however, with respect to hearings such as that under review here. *North Federal Savings and Loan Ass'n of Chicago* v. *Becker,* 24 Ill.2d 514, 520.

The judgment of the circuit court is reversed, and the cause is remanded to the Director with directions to render a decision without reference to or recommendation by the advisory board.

*Reversed and remanded, with directions.*